IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER SANCHEZ, #07066-015 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RWT-13-2720 |
| ROBERT KOPPEL, WARDEN | * | |
| Respondent. | | |
| | ***** | |

**MEMORANDUM OPINION**

On September 13, 2013, this Court received a Petition for habeas corpus relief from Christopher Sanchez ("Sanchez"), an inmate who was confined at the Chesapeake Detention Facility ("CDF") in Baltimore, Maryland. Sanchez complained that he was illegally transferred to the CDF from a Wilmington, Delaware correctional facility, without receiving an extradition hearing before a U.S. Magistrate Judge. (ECF No. 1). He asks to be released from his detention, claiming he has been held against his will for approximately three months. (ECF No. 1). On November 20, 2013, the Government filed a Response seeking dismissal of the Petition. (ECF No. 7). Sanchez has not filed a reply. For reasons that follow, the Petition shall be denied and dismissed.

Respondent states that on September 19, 2012, the United States Marshal Service ("Marshal") in the District of Delaware took custody of Sanchez as the U.S. District Court for the District of Delaware issued an Order of Detention Pending Trial on October 5, 2012. (ECF No. 7 at Ex. 1). On March 5, 2013, a Grand Jury in the District of Delaware indicted Sanchez on counts of conspiracy to commit a robbery affecting interstate commerce, conspiracy to possess a controlled substance with intent to distribute, possession of a firearm in furtherance of a crime of violence, and possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§1951(a), 924(c), 922(g)

and 21 U.S.C. § 846. (ECF No. 7, Ex. 2). *See also United States v. Sanchez*, Criminal No. 13-0023-GMS (D. Del.).

Sanchez was initially housed at the Multi-Purpose Criminal Justice Center at Gander Hill in Wilmington, Delaware. (ECF No. 7, at Paul Decl.). In June of 2013, the Delaware Department of Corrections asked the Marshal to reduce the number of prisoners at Gander Hill due to overcrowding. In response to the request, the Marshal in the District of Delaware contacted the Marshal in the District of Maryland to see if the Marshal could provide housing for prisoners in a location near the District of Delaware. The Marshal in Maryland offered housing at the CDF. Sanchez was transferred to the CDF on June 21, 2013. (*Id*.).

After Sanchez's transfer, however, the Marshal received a request from U.S. Chief Judge Gregory M. Sleet, asking that some of the prisoner defendants who had been moved out of the District of Delaware, particularly those represented by court-appointed counsel under the Criminal Justice Act, be transferred or exchanged to a facility closer to Delaware. As a result of this request, Sanchez was exchanged with a prisoner housed at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania on September 20, 2013. (*Id.*). He remains housed at the FDC in Philadelphia.

The record shows that Sanchez's detention is legal as he is being held on federal charges and is awaiting trial proceedings in the District of Delaware. The undersigned observes that the Marshal has intergovernmental agreements to have federal detainees held at local prison facilities, such as CDF and Gander Hill. *See* 18 U.S.C. §§ 4002, 4013, and 4086. Further, Sanchez has no right to be confined in any particular prison facility, as the Marshal has absolute discretion to designate a detainee's place of confinement. *Kohler v. Nicholson,* 117 F.2d 344, 347 (4th Cir.1941) (federal

prisoners acquire no vested right in confinement in any particular federal penal institution and Attorney General has full power to transfer prisoners from one federal penal institution to another). Generally, prisoners have no right to be confined at a particular institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Finally, to the extent that Sanchez challenges the failure to provide him a pre-transfer hearing prior to his extradition to Maryland from Delaware, he may not invoke the provisions of the Extradition Act, as it does not apply to a detainee in federal custody charged with a federal crime. *See Kornegay v. Ebbert*, 502 Fed.Appx. 131, 134 (3rd Cir. 2012); *Wilson v. Fenton*, 684 F.2d 249, 252 (3rd Cir. 1982).

Sanchez's claims are without legal foundation and the Petition shall be denied and dismissed with prejudice. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Sanchez does not satisfy this standard, and the Court declines to issue a certificate of appealability. For the aforementioned reasons, the Petition for writ of habeas corpus shall be denied and dismissed. A separate Order follows.

Date: <u>January 13, 2014</u>            <u>         /s/         </u>
                                          ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE